Michael Hernandez (SBN: 292679)
Elliott Jung (SBN: 285491)
Adam Hepburn (SBN: 292736)
HEPBURN, HERNANDEZ & JUNG
TRIAL ATTORNEYS
2121 Palomar Airport Road, Suite 300
Carlsbad, CA 92011
T: 760-444-0301
F: 877-808-8348
mhernandez@hhjtrialattorneys.com

Attorneys for Plaintiff
GEODEL SHEILA NELSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEODEL SHEILA NELSON, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VICTORIA'S SECRET STORES, LLC, a Delaware Limited Liability Company; L BRANDS, INC., a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No.: 5:21-cv-01275-JVS-SHK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF's MOTION TO REMAND AND REQUEST FOR AN AWARD OF REASONABLE FEES AND COSTS**<br><br>[On Removal from the Superior Court of the State of California for the County of San Bernardino, Case No. CIVSB2112523]<br><br>Date:　　　　September 27, 2021<br>Time:　　　　1:30 p.m.<br>Courtroom:　　10C<br>Judge:　　　　Hon. James V. Selna |

## TABLE OF CONTENTS

*I. INTRODUCTION* ...................................................................................................*1*

*II. FACTUAL BACKGROUND / PROCEDURAL HISTORY* ........................................*1*

*III. LEGAL STANDARD* ............................................................................................*2*

   A. Motion to Remand ..............................................................................................2

*IV. LEGAL ARGUMENT* ...........................................................................................*4*

   A.     Remand is Proper as Defendant's Notice of Removal Was Untimely .............4

   B.     Defendant Fails to Meet its Burden of Establishing that the Amount in Controversy Exceeds the Jurisdictional Threshold Since the Only Evidence Defendant Relies Upon is an Inadmissible Settlement Offer ...............................6

   C.     Remand is Proper Because Removal by Defendant Was Motivated by Gamesmanship Rather Than Any Objectively Reasonable Basis ......................9

   D.     The Court Should Also Award Plaintiff Reasonable Fees and Costs.............10

*V. CONCLUSION* ...................................................................................................*11*

# TABLE OF AUTHORITIES

**Cases**

*Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ............................... 3

*Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ....... 3

*Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007) ........................ 4, 6

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106, n.2 (9th Cir. 2000) ............................................................................................................... 11

*Bennett v. Allstate Ins. Co.*, No. C-96-4219-VRW, 1997 U.S. Dist. LEXIS 394, 1997 WL 26301, at * 1 (N.D. Cal. Jan. 14, 1997) ................................................... 9

*Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) ......................... 3

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ................ 4, 8

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ..................... 3, 6

*City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156 ..................................................... 3

*Garcia v. Wal-Mart Stores*, 207 F. Supp. 3d 1114, 1121 (C.D. Cal. 2016) ............... 7, 9

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) .................................................. 3

*Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995) ................................ 10

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ....................... 6

*Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1201, n.40 (C.D. Cal. 2015) ............................................................................................................... 11

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ......................... 4

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ................. 6

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ............................... 10, 11

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) .. 4

*Moving Picture Etc. Union v. Glasgow Theaters, Inc.*, 6 Cal. App. 3d 395, 401-02 (1970) ................................................................................................................ 7

*Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990) ..3

*Ornelas v. Costco Warehouse Corp.*, No. CV 14-4759 FMO (PJWx), 2014 U.S. Dist. LEXIS 94661, 2014 WL 3406345, at *12 (C.D. Cal. July 9, 2014) ........................... 8

*Rhoades v. Avon Prods.*, 504 F.3d 1151 (9th Cir. 2007) ................................................ 7

*Rondor Music Int'l, Inc. v. TVT Records LLC*, No. CV 05-2909-JTL, 2006 U.S. Dist. LEXIS 97118, at *31 (C.D. Cal. Aug. 21, 2006) ........................................................ 8

*Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ............ 9

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ..................... 6

*Schweiss v. Greenway Health, LLC*, No. SACV 19-644 JVS (DFMx), 2019 U.S. Dist. LEXIS 90066, 2019 WL 2285350, at * 5 (C.D. Cal. May 29, 2019) ....................... 10

*Vieyara-Flores v. Sika Corp.*, No. EDCV 19-606 JVS (KKx), 2019 U.S. Dist. LEXIS 98081, 2019 WL 2436998, at *5 (C.D. Cal. June 10, 2019) ....................................... 4

**Statutes**

28 U.S.C § 1441 ............................................................................................................... 2

28 U.S.C. § 1332 .............................................................................................................. 3

28 U.S.C. § 1446 .............................................................................................................. 4

28 U.S.C. § 1447 ............................................................................................................ 10

## I. INTRODUCTION

Plaintiff GEODEL SHEILA NELSON ("Plaintiff") moves to remand this action back to the Superior Court of the State of California for the County of San Bernardino. Defendant VICTORIA'S SECRET STORES, LLC ("Defendant") improperly removed this action to this Court. First, Defendant's Notice of Removal was untimely; it was filed well over thirty (30) days after Defendant could have first ascertained that this action was removable. Second, Defendant relies on a confidential settlement offer made by Plaintiff's counsel at the direct request of Defendant's counsel, a request made not for purposes of good faith settlement negotiations, but for the sole purpose of attempting to show that the amount in controversy exceeds $75,000. This is inadmissible evidence, and it is the exclusive evidentiary support provided in Defendant's Notice of Removal. Thus, Defendant has failed to satisfy its burden of establishing, by a preponderance of the evidence, that the amount in controversy here exceeds the jurisdictional threshold.

Accordingly, Plaintiff respectfully requests that this Court remand this action back to the Superior Court of the State of California for the County of San Bernardino.

## II. FACTUAL BACKGROUND / PROCEDURAL HISTORY

This is a personal injury action arising out of a slip-and-fall accident which occurred on Defendant's premises on June 21, 2019. Declaration of Michael Hernandez ("Hernandez Decl."), at ¶2. On April 27, 2021, Plaintiff initiated the instant action by filing a Complaint in the Superior Court of the State of California for the County of San Bernardino. *See* Complaint, Dkt. No.1-A, at 5. Plaintiff's Complaint, pled on a generic

state court form, alleges only two (2) state and common law claims for general negligence and premises liability. *Id*. at 7.

In or around June of 2021, counsel for both Plaintiff and Defendant engaged in, what Plaintiff's counsel reasonably believed to be, confidential settlement negotiations via email. Hernandez Decl., at ¶3. On May 30, 2021, Defendant's counsel sent an email to Plaintiff's counsel asking if there was a demand in this action. *Id*., at ¶¶4, 8, Ex. A. On June 1, 2021, Plaintiff's counsel sent a reply email to Defendant's counsel that contained a settlement offer. *Id*., at ¶¶5, 8, Ex. A. Although this settlement offer was inflated, it was provided in direct response to the inquiry for a demand and as merely a starting point for settlement negotiations. *Id*., at ¶5.

On June 21, 2021, Defendant's counsel sent another email to Plaintiff's counsel asking, "what is the demand?" *Id*., at ¶¶9, 11, Ex. B. On June 23, 2021, Plaintiff's counsel sent a reply email to Defendant's counsel with another settlement offer in the amount of $175,000. *Id*., at ¶¶10-11, Ex. B. At that point, the highest settlement offer that Defendant ever provided to resolve this action was for only $12,000. *Id*., at ¶12. Instead of providing a good faith counteroffer, Defendant filed its Notice of Removal on July 28, 2021. *See* Notice of Removal, Dkt. No. 1; *see also* Hernandez Decl., at ¶13.

III. <u>LEGAL STANDARD</u>
    A. **Motion to Remand**

Under 28 U.S.C § 1441(a), a defendant may remove a civil action from state court to federal court so long as jurisdiction would lie in the court to which the action was

removed. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). However, it is well settled in the Ninth Circuit that courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). Any doubts as to removability should be resolved in favor of remanding the case to the state court. *Id*. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (*quoting Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper only if there is complete diversity between the parties and the amount in controversy exceeds $75,000. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'"[1] *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citations omitted). The defendant "'must submit "summary-judgment-type

---

[1] "The traditional rule of burden allocation in determining removal jurisdiction" aims to further the goal of "relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (internal quotation marks and citations omitted).

evidence" to establish that the actual amount in controversy exceeds $75,000.'" *Vieyara-Flores v. Sika Corp.*, No. EDCV 19-606 JVS (KKx), 2019 U.S. Dist. LEXIS 98081, 2019 WL 2436998, at *5 (C.D. Cal. June 10, 2019) (internal citations omitted). Importantly, "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

## IV. LEGAL ARGUMENT

### A. Remand is Proper as Defendant's Notice of Removal Was Untimely

Pursuant to 28 U.S.C. § 1446(b), there are "two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id*. (*quoting Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id*. (*quoting* 28 U.S.C. § 1446(b)). "If a notice of removal is filed after this this thirty-day window, it is untimely and remand to state court is therefore appropriate." *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007) (holding that remand was appropriate where the defendant filed its notice of removal well over thirty days after it first could have ascertained that the case was removable).

Here, on May 30, 2021, Defendant's counsel emailed Plaintiff's counsel asking what the demand was in this action. Hernandez Decl., at ¶¶4, 8, Ex. A. On June 1, 2021, Plaintiff's counsel responded to Defendant's counsel, stating the following:

> The original demand was for $250,000.00. We went back and forth where the adjuster offered $12,000.00. My client said she was still in severe pain so I sent her to an ortho where he found tears. I send the new reports to the adjuster and said we are looking at a number north of $250,000.00 based on the tears and not knowing if this will ever go away because client is still in treatment. Adjuster said she can't get close so we filed. Client is a young nurse.
> *See id*.

Defendant's counsel replied to Plaintiff's counsel on June 1, 2021, asking if Plaintiff was still treating. *Id*., at ¶¶6, 8, Ex. A. In response, Plaintiff's counsel confirmed that Plaintiff was still treating and stated that her updated medical records would be sent to Defendant's counsel. *Id*., at ¶¶7-8, Ex. A. These updated medical records were sent to Defendant's counsel shortly thereafter. *Id*., at ¶7.

On June 21, 2021, Defendant's counsel sent another email to Plaintiff's counsel asking, "what is the demand?" *Id*., at ¶¶9, 11, Ex. B. On June 23, 2021, Plaintiff's counsel sent a reply email to Defendant's counsel with another settlement offer in the amount of $175,000. *Id*., at ¶¶10-11, Ex. B. On July 28, 2021, Defendant filed its Notice of Removal, citing to the $175,000 figure as the basis to establish that the amount in controversy exceeded the $75,000 threshold. Notice of Removal, Dkt. No. 1, at ¶5.

As such, Defendant asserts that Plaintiff's demand for $175,000 established the amount in controversy in this action. Assuming that this Court will permit Plaintiff's

confidential settlement offer to be used for amount in controversy purposes, Defendant would have needed to file its Notice of Removal within thirty (30) days of June 1, 2021 because that is when Defendant could have first ascertained that this action was removable. Defendant filed the Notice of Removal almost sixty (60) days later, on July 28, 2021, which is "well over thirty days after it first could have ascertained that the case was removable." *Babasa*, 498 F.3d at 975. Thus, remand to state court is proper.

### B. Defendant Fails to Meet its Burden of Establishing that the Amount in Controversy Exceeds the Jurisdictional Threshold Since the Only Evidence Defendant Relies Upon is an Inadmissible Settlement Offer

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . . courts apply a preponderance of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). In assessing the amount in controversy, courts "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416. The defendant's evidence must establish "that it is 'more likely than not' that the amount in controversy exceeds that [$75,000] amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Importantly, however, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

"In reviewing the 'summary-judgment-type evidence' required for a defendant to meet its burden of proof on removal, . . . the court 'can only consider admissible evidence[.]'" *Garcia v. Wal-Mart Stores*, 207 F. Supp. 3d 1114, 1121 (C.D. Cal. 2016) (internal citation omitted). To that extent, both state and federal law recognizes that evidence of offers to compromise and all negotiations in relation thereto is inadmissible. *See Moving Picture Etc. Union v. Glasgow Theaters, Inc.*, 6 Cal. App. 3d 395, 401-02 (1970) (discussing the inadmissibility of settlement negotiations pursuant to Section 1152 of the California Evidence Code); *see also Rhoades v. Avon Prods.*, 504 F.3d 1151 (9th Cir. 2007) (emphasizing that Rule 408 of the Federal Rules of Evidence provides that evidence from settlement negotiations may not be considered in court when offered to prove, *inter alia*, the amount of a claim that was disputed as to validity or amount).

Here, Defendant contends that the amount in controversy exceeds the $75,000 threshold necessary for removal in a diversity of citizenship action. *See* Notice of Removal, Dkt. No. 1, at ¶5. However, the sole piece of evidence that Defendant relies on in support of this erroneous contention is inadmissible under both state and federal law—as an offer to compromise made during confidential settlement negotiations.

Defendant alleges that when Defendant's counsel conferred with Plaintiff's counsel on or around July 15, 2021, Plaintiff's counsel purportedly stated that Plaintiff's claim for damages was $175,000. *Id*. Yet, what Defendant fails to bring to the Court's attention is that the $175,000 amount was elicited by Defendant's counsel in a confidential settlement discussion that occurred via email exchange. *See* Hernandez

Decl., at ¶¶9-11, Ex. B. Defendant's counsel specifically requested a demand amount, to which Plaintiff's counsel provided a starting point for settlement negotiations. Thus, Defendant's allegation that the amount in controversy here exceeds $75,000 is based entirely on an offer to compromise, which is inadmissible evidence. If relying on a settlement offer made in an email exchange between counsel was permissible to establish the amount in controversy, Defendant could have attempted to use, for example, Plaintiff's initial demand letter as its evidence to show the amount in controversy exceeds $75,000. Yet, Defendant did not do so because such evidence is confidential and inadmissible. *See Carvalho*, 629 F.3d at 886 (holding that a plaintiff's pre-complaint demand letter did not trigger the thirty-day removal period); *see also Rondor Music Int'l, Inc. v. TVT Records LLC*, No. CV 05-2909-JTL, 2006 U.S. Dist. LEXIS 97118, at *31 (C.D. Cal. Aug. 21, 2006) (noting that "in addition to the actual settlement offer, other conduct or statements made in the course of compromise negotiations are not admissible" pursuant to Rule 408 of the Federal Rules of Evidence).

Furthermore, Defendant's contention that the amount in controversy exceeds $75,000 is not based on any specific damage amount requested in Plaintiff's Complaint as the Complaint contains no specificity of damages. Moreover, Defendant makes no concrete allegation of what *it* purports the amount in controversy in this action to be. *See Ornelas v. Costco Warehouse Corp.*, No. CV 14-4759 FMO (PJWx), 2014 U.S. Dist. LEXIS 94661, 2014 WL 3406345, at *12 (C.D. Cal. July 9, 2014) (discussing how "unsupported allegations are insufficient to establish subject matter jurisdiction.").

Therefore, Defendant fails to provide any evidence to establish damages in excess of the jurisdictional threshold, let alone enough to support the preponderance of the evidence standard that Defendant bears the burden of satisfying. Where, as here, "the defendant has offered no competent evidence that the jurisdictional requirements have been satisfied, remand is appropriate." *Bennett v. Allstate Ins. Co.*, No. C-96-4219-VRW, 1997 U.S. Dist. LEXIS 394, 1997 WL 26301, at * 1 (N.D. Cal. Jan. 14, 1997).

### C. Remand is Proper Because Removal by Defendant Was Motivated by Gamesmanship Rather Than Any Objectively Reasonable Basis

The Court should be wary of removal where there appears to be "the theoretical possibility" that removal was motivated by gamesmanship. *Garcia*, 207 F. Supp. 3d at 1131; *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

Here, Defendant wields removal jurisdiction as an illegitimate weapon of procedural gamesmanship. On or around June 21, 2021, Defendant's counsel sent email correspondence to Plaintiff's counsel asking, "what is the demand?" Hernandez Decl., at ¶¶9, 11, Ex. B. Defendant's counsel purposely kept the email short and used the word "demand," instead of "amount in controversy," in attempt to mislead Plaintiff into thinking that Defendant was attempting to settle the case before moving forward in the litigation process. Plaintiff's counsel responded with the $175,000 amount on or around June 23, 2021, in an attempt to avoid impasse. *Id*., at ¶¶10-11, Ex. B. Instead of engaging in good faith settlement negotiations thereafter, Defendant simply filed its Notice of Removal, relying on nothing more than an initial settlement offer of $175,000

in an attempt to justify removal as being proper. Notice of Removal, Dkt. No. 1, at ¶5.

To have to resort to such conduct only to acquire inadmissible evidence makes it abundantly clear that Defendant has no "objectively reasonable" basis for seeking removal. *See*, *e.g.*, *Schweiss v. Greenway Health, LLC*, No. SACV 19-644 JVS (DFMx), 2019 U.S. Dist. LEXIS 90066, 2019 WL 2285350, at * 5 (C.D. Cal. May 29, 2019) (granting the plaintiff's motion to remand where the defendant failed to meet its burden in establishing that removal was proper). Defendant lacked substantial justification, or even a legitimate basis for removal, and Plaintiff was forced to make this Motion that could have been avoided had Defendant not improvidently removed.

Defendant's jurisdictional gamesmanship and delay is frustrating Plaintiff's ability to develop and present her meritorious case. To remedy some of the prejudice that Defendant's conduct has caused to Plaintiff, and to deter further dilatory procedural tactics, Plaintiff respectfully requests that this Court remand this action to state court.

**D. The Court Should Also Award Plaintiff Reasonable Fees and Costs**

Under 28 U.S.C. § 1447(c), an order "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has the discretion to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995).

"[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Nonetheless, even if the Court finds that removal was "fairly supportable," an award of costs and fees is within the Court's discretion where—as here—the removal was "wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106, n.2 (9th Cir. 2000), *superseded by statute on other grounds as stated in Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1201, n.40 (C.D. Cal. 2015).

Here, Defendant knew or should have known that the single piece of evidence that it relied upon in its Notice of Removal – a confidential settlement offer – would be inadmissible, and thus, there were insufficient grounds to justify removal jurisdiction. Defendant should also be aware that it is under an obligation not to waste time or abuse judicial resources, harass a party to an action, or mislead the Court as to the application of the law and/or facts. Yet, as illustrated above, that is exactly what Defendant did.

Accordingly, for the reasons set forth above, Plaintiff respectfully requests that this Court exercise its discretion to order Defendant to pay not less than $2,812.50 to Plaintiff's counsel for attorneys' fees incurred in bringing this Motion to Remand. Hernandez Decl., at ¶¶ 14-16.

V. **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the instant Motion to Remand be granted in its entirety. The matter should be remanded back to the Superior Court of the State of California for the County of San Bernardino, where

<mark>—</mark>

it was properly initiated by Plaintiff filing a Complaint drafted on a generic state court form. Defendant should be ordered to pay all of Plaintiff's costs, including attorneys' fees, incurred in association with Defendant's attempt to improperly remove this action. Should the Court deny this Motion, Plaintiff requests that this Court afford Plaintiff the opportunity to amend the Complaint, so it comports with federal pleading requirements.

Dated: August 27, 2021

HEPBURN HERNANDEZ & JUNG
TRIAL ATTORNEYS

Michael Hernandez
Adam Hepburn
Elliott Jung

*Attorneys for Plaintiff
Geodel Shiela Nelson*

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. My business address is 2121 Palomar Airport Road, Suite 300, Carlsbad, California 92011. On the date shown below, I caused electronic service of the above document by electronically filing through this Court's CM/ECF system to the following counsel of record for all parties:

| | |
|---|---|
| Jeffrey M. Lenkov<br>David Shinder<br>Manning & Kass, Ellrod<br>Ramirez, Trester Llp<br>801 S. Figueroa St, 15th Floor<br>Los Angeles, California 90017-3012<br>T: (213) 624-6900<br>F: (213) 624-6999<br>E: Jml@Manningllp.com<br>Dxs@Manningllp.com<br>lch@manningllp.com<br>sia@manningllp.com | *Attorneys for Defendant*<br>*Victoria's Secret Stores and*<br>*L Brands, Inc.* |

Dated: August 27, 2021

HEPBURN HERNANDEZ & JUNG
TRIAL ATTORNEYS

Michael Hernandez
Adam Hepburn
Elliott Jung

*Attorneys for Plaintiff*
*Geodel Shiela Nelson*