UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-cv-01275-JVS-SHKx | Date | Sept. 15, 2021 |
| Title | Geodel Shiela Nelson v. Victorias Secret Stores, LLC et al | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Remand**

Plaintiff Geodel Shiela Nelson ("Nelson") moved to remand this action to San Bernadino Superior Court. Dkt. No. 13. Defendant Victoria's Secret Stores ("Victoria's Secret") opposes the motion. Dkt. No. 15. Nelson then filed her reply. Dkt. No. 16.

For the following reasons, the Court **DENIES** the motion. The hearing noticed for September 27, 2021, is also ordered VACATED.

## I. Background

The complaint relates to injuries Nelson sustained while visiting one of Victoria's Secret's stores. Dkt. No. 1.

Nelson first filed suit on April 27, 2021, but did not serve Victoria's Secret at that time. Shinder Aff. ¶ 3. Michael Hernandez ("Hernandez"), counsel for Nelson, and Michael Lenkov ("Lenkov"), counsel for Victoria's Secret, exchanged a number of e-mails related to whether Lenkov would accept service on Victoria's Secret's behalf. Dkt. No. 16-2. For example, Hernandez sent Lenkov an e-mail on May 18, 2021, inquiring as to service and attaching the complaint. Id. Hernandez followed up on the same on May 25, 2021, when Lenkov informed Hernandez that he had named an improper party and included an improper claim. Dkt. No. 16-3.

The parties also engaged in significant correspondence prior to removal. Lenkov emailed Hernandez, concerning the possibility of a demand on May 30, 2021. Hernandez Decl., Ex. A. Hernandez responded that they "previously sent a demand" on June 1, 2021. Id. After some back-and-forth, Hernandez noted that the initial demand was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01275-JVS-SHKx | Date | Sept. 15, 2021 |
|---|---|---|---|

| Title | Geodel Shiela Nelson v. Victorias Secret Stores, LLC et al |
|---|---|

$250,000 and that the adjuster offered far less, only $13,000, which they did not accept. Id. Lenkov again requested what the demand was on June 21, 2021, to which Hernandez responded on June 23, 2021 with the $175,000 amount reference above. Id.

On June 28, 2021, Nelson filed her first amended complaint. Id., Ex. A. On July 15, 2021, she then sent a Notice and Acknowledgment of Receipt of the same to Victoria's Secret, which it signed and returned on July 29, 2021. Id., Ex. B. On July 28, 2021, Victoria's Secret removed the action on the basis of diversity jurisdiction, as it is a Delaware limited liability company with a principal place of business in Ohio. See Dkt. No. 1 ¶¶ 8-12. The amount in controversy exceeded $75,000 because, in the process of certain negotiations, Victoria's Secret informed that Plaintiff was asserting a claim for damages in excess of $175,000. Shinder Aff. ¶ 5.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A district court lacks power to order *sua sponte* a remand for a violation of Section 1447(c). Id.

## III. DISCUSSION

Nelson advances two key arguments in support of her motion to remand. Dkt. No. 13. First, she argues that Victoria's Secret's notice of removal was untimely, given that counsel for Nelson discussed her settlement demand originally on May 30, 2021, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    5:21-cv-01275-JVS-SHKx                                    Date    Sept. 15, 2021

Title    Geodel Shiela Nelson v. Victorias Secret Stores, LLC et al

continued with a final settlement demand on June 23, 2021.  Id. at 4-5.  Because Victoria's Secret removed the action on July 28, 2021 and under the relevant statutory and case law, it had only thirty days to do so, removal was untimely.  Id. at 5-6.  Second, Nelson argues that the evidence relied upon by Victoria's Secret in removing the action was inadmissible, given that it violates Federal Rule of Evidence 408's prohibition on considering settlement negotiations.  Id. at 6-7.  In support of the notion that removal was based on inadmissible settlement talks and not the complaint itself, Nelson also notes that her complaint contains no specific damages.  Id. at 8.

In response, Victoria's Secret argues that removal was timely given that the demand letter they received constituted an "other paper" that establishes removability within the meaning of section 1446(b).  Dkt. No. 15 at 2 (citing Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010)).  Victoria's Secret also adds that removal was timely because Nelson filed her first amended complaint on June 28, 2021, but only served Victoria's Secret on July 15, 2021 (after they had corresponded by email concerning a possible demand offer).  Id. at 2-3.

The Court first considers which thirty-day period in Section 1446(b) applies here.  Section 1446(b) identifies two thirty-day periods for removing a case. The first thirty-day removal period is triggered "if the case stated by the initial pleading is removable on its face."  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained.  28 U.S.C. § 1446(b).

The Court agrees with Victoria's Secret that the complaint – whether the original complaint or the amended complaint – was not removable on its face.  Carvalho is directly on point.  Like in Carvalho, here, the complaint "lacked any indication of the amount in controversy" and as such, regardless of whether Victoria's Secret received service of the complaint or not, "it did not trigger this first thirty-day removal period."  Carvalho, 629 F.2d at 885.  As such, the Court must then determine which date applies for ascertaining the thirty-day period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   5:21-cv-01275-JVS-SHKx                                Date   Sept. 15, 2021

Title   Geodel Shiela Nelson v. Victorias Secret Stores, LLC et al

    From the Court's review, the parties exchanged significant back-and-forth emails concerning the possibility of a settlement.[1]

    As discussed above, Victoria's Secret first became aware of the $175,000 amount in controversy on June 23, 2021. However, the Ninth Circuit has clarified that "any document received prior to the receipt of the initial pleading cannot trigger the . . . [30]-day removal period" under § 1446(b). See Carvalho, 629 F.3d at 885-86 (holding that plaintiff's settlement demand made prior to the defendant being formally served with the initial pleading is not an "other paper" under § 1446(b), and thus does not start the 30-day clock to file a notice of removal). The Ninth Circuit "reject[s] [the] suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid" of the removal periods in § 1446(b)(1) and § 1446(b)(3). Carvalho, 629 F.3d at 886.

    Nelson never served Victoria's Secret with the summons and the initial complaint. Dkt. No. 15 at 2. Nelson's arguments in her reply – i.e., that Victoria's contention that it was not served is "specious and misleading" given that it received courtesy copies of all case initiating documents, including the complaint in early May 2021, Dkt. No. 16 at 3-5 – are unavailing. Section 1446(b) does not dispense with the requirement that a defendant must be properly served. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353 (1999). As such, even though Victoria's Secret was aware of the possibility of removal as of June 23, 2021, under Carvalho and Murphy, it was not

---

[1] Briefly before determining which date applies, the Court addresses whether this evidence is admissible for the purposes of the instant motion and removal. Nelson addresses this issue both in her motion and her reply. See e.g. Dkt. No. 16 at 3-5. Parties seeking removal must put forward "summary judgment type evidence." Garcia v. Wal–Mart Stores Inc., 207 F. Supp. 3d 1114, 1121 (C.D. Cal. 2016) (noting that defendant is required to put forward "summary judgment type evidence" to meet its burden on removal) (internal quotation marks omitted). However, contrary to Nelson's assertions, written settlement demands may be considered "other papers." Babasa v. Lenscrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) (letter sent from plaintiff's counsel to defendant's counsel confirming details discussed in a phone call gave notice the case was removable); accord Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); Jiminez v. Sears, Roebuck & Co., No. CC 10-1076 PA (FFMx), 2012 WL 653548, at *2 (C.D. Cal. Feb. 18, 2010) ("settlement letters or other documents provided during mediation may form the basis for removal" but "oral statements are not an 'other paper' which triggers removal").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01275-JVS-SHKx | Date | Sept. 15, 2021 |
|---|---|---|---|
| Title | Geodel Shiela Nelson v. Victorias Secret Stores, LLC et al | | |

formally served, and this correspondence is not an "other paper" under § 1446(b). Verduzco v. Ford Motor Co., No. 1:13-CV-01437-LJO-BA, 2013 WL 6053833, at *2 (E.D. Cal. Nov. 15, 2013) ("In other words, a defendant served with a complaint that is obviously removable on its face, must remove within 30 days.")

Therefore, when Nelson filed an amended complaint on June 28, 2021, and served it almost two weeks later on July 15, 2021, the latter date became the key date for removal. While Victoria's Secret may have had constructive knowledge of the removability of the action, it had not yet been properly served, and as Carvalho establishes, any documents received prior to proper service of the complaint could not constitute a basis for removal. Moreover, had Victoria's Secret removed the action prior to that time, it would have removed a non-operative complaint, which would have been subject to remand. See Ortiz v. Citibank, N.A., No. LA-CV-17-7886-VAP-MRWx, 2018 WL 6930889, at *4 (C.D. Cal. Jan. 10, 2018) ("It is beyond dispute . . . that removal of a non-operative complaint is grounds for remanding a case[.]"); Taylor v. CoxCom, Inc., No. SA-CV 12-10149-CJC-JPRx, 2013 WL 327728, at *2 n.4 (C.D. Cal. Jan. 29, 2013) (removal of non-operative complaint is grounds for granting motion to remand).

As such, because Victoria's Secret removed the action on July 28, 2021, within both thirty days of the June 28, 2021 filing of the First Amended Complaint and service of the same, removal was timely.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |